[Civ. No. 3731. First Appellate District, Division One.—April 18, 1921.]

LUELLE MARIE SCHAEFER, Appellant, v. ARTHUR HERMAN SCHAEFER, Respondent.

[1] DEFAULT — ANNULMENT OF MARRIAGE — ORDER SETTING ASIDE — ABUSE OF DISCRETION.—An order vacating a default and judgment in an action for the annulment of a marriage on the sole ground that the plaintiff gave testimony upon a matter collateral to the real issue of the case which was unsatisfactory to the defendant is an abuse of discretion.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating default and judgment. Bernard J. Flood, Judge. Reversed.

The facts are stated in the opinion of the court.

Reisner & Honey for Appellant.

Cleveland R. Wright for Respondent.

WASTE, P. J.—The plaintiff brought this action to have the marriage between himself and defendant annulled. Summons and a copy of the complaint were served upon the defendant, who obtained an order from the court grant-

ing him ten days within which to appear, demur, or answer. While this order was in force, defendant and his counsel each signed a stipulation which was filed, withdrawing the extension. Thereupon the court entered the default of the defendant, and proceeded with the hearing. After taking the testimony of the plaintiff and considering certain documentary evidence, it entered its decree of annulment upon the ground that at the time of the marriage with defendant, plaintiff had a former husband living, the marriage with whom was then in force. Four days later the defendant gave notice of motion to vacate the default and judgment upon the ground of "mistake, inadvertence, surprise, and excusable neglect." The motion was granted, and from that order the plaintiff appealed.

The defendant's affidavit fails to show any such mistake, inadvertence, surprise, or excusable neglect as would justify the court in granting the motion. The facts therein stated are that after service of summons upon defendant the plaintiff admitted to him that she was already married to one Northrup, from whom she had not obtained a divorce at the time of her marriage to him; that if defendant would not contest her action she would obtain a decree of divorce, or annulment of her former marriage, and immediately remarry defendant; that due to such promises he withdrew the extension of time which he had obtained, and permitted his default to be entered; that after the hearing he was surprised to read in the daily newspapers that plaintiff had testified in court that he had forced her into marriage with him through fear and intimidation; that if he had known plaintiff intended to accuse him of having forced her to marry him, he would have contested the annulment proceedings.

Plaintiff filed no counter-affidavit. The fact remains, however, that she only sought to have her marriage annulled upon the ground alleged in her complaint, which, when established, rendered her marriage with respondent utterly void.

From the evidence taken by the trial court in the annulment action it appeared without contradiction that the plaintiff and Northrup were formerly married and that they had not been divorced or the marriage annulled at the time of the marriage of the plaintiff to defendant. The defend-

ant, in his affidavit, did not attempt to contradict that testimony, or to show that it was not true. Neither did he in his affidavit deny the testimony of the plaintiff, partially elicited on cross-examination by the court, that at the time he was seeking to induce plaintiff to marry him he exhibited a bottle of acid and also a pistol, and threatened to disfigure her and to kill himself.

[1] We think in this instance the trial court abused the wide discretion vested in it in passing upon motions to set aside default judgments. The respondent had no defense on its merits to the action, or if he had he failed to establish it. The fact that the appellant gave testimony upon a matter collateral to the real issue of the case, which may have been unsatisfactory to the respondent, creates no ground for invoking the legal discretion of the court to set aside the judgment.

The order is reversed.

Kerrigan, J., and Richards, J., concurred.